## LADD *vs.* LILLY *et al.*

1. Where a vendor of land gave bond for title to the vendee, and acting as the agent of the latter rented the premises and collected the rent, in an action of ejectment brought for the premises on failure of the vendee to pay the purchase money, the vendor could not recover more as mesne profits than he had received as rent. His duty as agent was to make the place bring its full value, and his principal was not bound for more.

(*a.*) Where it appeared that the vendor had never paid over the rent so received, but retained it in his own hands, he could not recover a judgment therefor against the vendee.

2. A written authority from a wife to her husband to deal in fertilizers gives no power to buy land.

(*a.*) Whether the scope of such agency can be enlarged by parol by showing former transactions in which the husband acted for the wife or his sayings in regard to his agency, so as to include the purchase of land. *Quære ?*

September 19, 1882.

Mesne Profits. Vendor and Purchaser. Principal and Agent. Husband and Wife. Before Judge WELLBORN. Hall Superior Court. February Term, 1882.

To the report contained in the decision it is necessary to add only the following: The defendant in ejectment having disclaimed title, the contest was on the subject of mesne profits. Plaintiff sold the property in dispute to the husband of defendant as her agent, and on failure of payment of the entire purchase money, resold it and brought this action. Defendant denied the agency of her husband to make the purchase. Plaintiff introduced evidence to show that the husband represented himself to be the agent of his wife, and that in former transactions

he had acted as her general agent. ' Defendant relied upon a written power given by her to her husband only authorizing him to act as agent in connection with certain fertilizers.

G. H. PRIOR; S. C. DUNLAP; L. E. BLECKLEY, for plaintiff in error.

MARLER & PERRY, for defendants.

JACKSON, Chief Justice.

1. This action of ejectment was brought by plaintiff against defendant on two demises, one in the name of Hooker, and the other of Lilly. There is no evidence of title in Hooker, and the case was tried and the verdict rendered on the demise of Lilly. ' The jury found for the plaintiff the premises in dispute and mesne profits amounting to one hundred and ninety-two dollars for rent of the premises.

It appears from the testimony that Lilly had sold the house and lot to the defendant, Mrs. Ladd, through her husband as agent, who employed Lilly to take charge of certain alkaline fertilizers, sell the same, and after deducting commissions at ten per cent. to apply proceeds to the payment of the house and lot. Afterwards Lilly sold the premises to one Rogers, the fertilizing business having failed and only bond for titles having been made to Mrs. Ladd. Mrs. Ladd filed a disclaimer of title to the premises, and the real issue tried, and of the decision on which she complains, is the mesne profits. She never was in actual possession of the premises, but a tenant was in possession who was put in by Lilly as agent for her husband, who was himself her agent. Lilly collected all the rents from this tenant or others from the time of the sale · to Mrs. Ladd up to the time he sold the premises.

A motion for a new trial was made on the ground, among others, that the verdict is contrary to law, and the controlling question is, is it?

Ladd *vs.* Lilly *et al.*

We do not see how the verdict can be maintained as legal. Lilly collected and has possession of the money arising from all the rents. He rented the house himself as her agent. It was his duty as such agent to make it rent for its full value. He ought not to recover more than he rented it for himself and valued it at himself. That he has in hand, for the record nowhere shows that he ever turned it over to her, or applied it to her notes. On the contrary, he admits that he has it and has put it on his books with the purpose to credit her with it after deducting for repairs, etc. So that it is perfectly clear that he cannot recover more than some one hundred and twenty-five dollars, which he himself as her agent rented it for; yet the verdict is for one hundred and ninety-two dollars. It is equally clear that he cannot recover that which he valued the house at and rented it for, because he has it already in his pocket. She disclaimed title; about that there is no dispute. The tenant never refused him possession, for he himself had the possession as her agent and rented it to another, and was thus in possession virtually through this tenant who paid him all the rent. So that, in any view we are able to take of the case, the verdict for mesne profits is erroneous and ought not to stand.

2. In respect to the power of the husband as the agent of the wife to buy this house and lot under the facts disclosed in the record, it becomes unnecessary that we pass upon it; because the view we have taken of the case, it seems, will·dispose of it. The written authority to deal in fertilizers certainly conveys no power to buy lands. Whether a general agency by parol derived from former transactions in Atlanta can enlarge the scope of the writing or the statement of the agent that he had such authority from his wife, quære? If the subject-matter were a sale of her lands, it is clear that no title would pass without some sort of ratification on such facts. To purchase land, the law is not so strict. But inasmuch as the ruling under the first head of this opinion will control

the case on the testimony in this record, it becomes un-necessary to decide whether parol evidence can enlarge this written power and was admissible therefor. The judgment is reversed and a new trial awarded on the ground that the verdict is illegal for mesne profits on the state of facts disclosed in this record. As to the settle-ment of accounts between these parties, it appears that an action in relation thereto is pending in the same court. When that is tried, law or equity will settle their respect-ive rights and make a just verdict or decree thereon. An action of ejectment is hardly the appropriate remedy to try such issues.

Judgment reversed.